IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN HACKEROTT,

           Plaintiff,

                                    CIVIL ACTION
vs.                                   No. 05-3252-SAC

TERRY JONES, et al.,

           Defendants.

**ORDER**

    Before the court is a complaint filed under 42 U.S.C. 1983 by a prisoner in the custody of the State of Kansas. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $150.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

    Having reviewed plaintiff's allegations, it appears that proper and judicial processing of the claims cannot be achieved without additional information from appropriate officials of the Department of Corrections for the State of Kansas. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). See also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

    Plaintiff's motions for discovery (Docs. 5 and 6) are denied without prejudice to plaintiff renewing his requests, if necessary, after defendants have been served and the Martinez

report requested herein has been filed.

IT IS THEREFORE ORDERED that:

(1) Leave to proceed in forma pauperis is granted.

(2) The clerk of the court shall prepare appropriate service forms for all named defendants[1] pursuant to Rule 4 of the Federal Rules of Civil Procedure,[2] to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein shall be filed no later than sixty (60) days from the date of this order. Answers to the complaint shall be filed within twenty (20) days following the receipt of that report by counsel for defendants.

(3) Officials responsible for the operation of Kansas correctional facilities in El Dorado, Hutchinson, and Winfield, are directed to undertake a review of the subject matter of the complaint:

    (a) to ascertain the facts and circumstances;

    (b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

---

[1] No service is required at this time on defendants having no name, or identified only by their first name, or as John or Jane Doe.

[2] Waiver of service of summons forms are to issue to each named defendant. Fed.R.Civ.P. 4(d). Summons to the Kansas Attorney General also is to issue because plaintiff states he is suing all named defendants in both their official and individual capacity. Fed.R.Civ.P. 4(j) *and* K.S.A. 60-304(d)(5).

   (c)  to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

  (4)  Upon completion of this review, a comprehensive written report shall be compiled and filed with the court.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

  (5) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

  (6)  No answer or motion addressed to the complaint shall be filed without leave of the court until the <u>Martinez</u> report has been prepared.

  (7)  Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report requested herein.  This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

  (8)  The clerk of the court shall transmit copies of this order to plaintiff, to defendants, to the Secretary of Corrections for the State of Kansas, to Legal Counsel at the El Dorado, Hutchinson, and Winfield Correctional Facilities, to the Attorney General of the State of Kansas, and to the Finance Officer where plaintiff is currently confined.

IT IS FURTHER ORDERED that plaintiff's motions for discovery (Docs. 5 and 6) are denied without prejudice.

IT IS FURTHER ORDERED the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the <u>Martinez</u> report ordered herein.  Upon the filing of that report, the Department of Corrections may move for termination from this action.

IT IS FURTHER ORDERED that the screening process under 28 U.S.C. 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D. Kan. R. 40.1.

**IT IS SO ORDERED.**

DATED:  This 11th day of August 2005 at Topeka, Kansas.

                         s/ Sam A. Crow
                        SAM A. CROW
                        U.S. Senior District Judge